UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BUBUILDING OWNERS AND MANAGERS ASSOCIATION OF METROPOLITAN ST. LOUIS, INC.,<br><br>      Plaintiff,<br><br>  vs.<br><br>CITY OF ST. LOUIS, MISSOURI,<br><br>      Defendant. | Case No. 4:08CV352 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 8]. Plaintiff opposes the motion. For the reasons set forth below, Defendant's motion to dismiss is denied; the alternative request to stay is granted.

Plaintiff filed this action seeking a declaratory judgment that an ordinance passed by Defendant in 2007, City Ordinance 67423 (2007), violates the United States Constitution, specifically, the Equal Protection Clause of the 14th Amendment, the Impairment of Contracts Clause, Art. I, § 10 and the Public Taking without Compensation Clause, Art. XIV, § 1. Plaintiff also challenges the ordinance as violating federal law, the Missouri Constitution and Missouri state law.

## Facts and Background[1]

Plaintiff's Complaint alleges the following facts: On February 20, 2007, Defendant enacted the Displaced Building Service Workers Protection Ordinance, which mandates that certain covered employers continue to employ building service workers whose building service contracts or subcontracts are sold.  Plaintiff is a non-profit corporation that represents and promotes the interests of its members and associate members who are in the commercial real estate industry, including owners and managers of residential and commercial buildings located in the City of St. Louis.  The majority of Plaintiff's members meet the definition of "covered employer" under the Ordinance.

Plaintiff contends that the Ordinance imposes on its members numerous obligations in violation of various federal and state laws.  The Ordinance requires covered employers, 15 days prior to terminating a business service contract, to request that the terminated contractor provide to the successor employer and any collective bargaining representative of the affected employee an accurate list of the names and employment information of each building service employee then employed at the site.  Plaintiff urges that this requirement forces covered employers

---

[1] The factual background is taken from the parties' pleadings and is set forth for the purpose of this motion only.  It in no way relieves any party of the necessary proof of said facts in later proceedings.

to breach their employees' expectations of privacy. Furthermore, the ordinance also requires a covered employer, at least 15 days prior to transferring a controlling interest in a covered building, to provide to the successor employer and any collective bargaining representative of affected employees an accurate list of the names and employment information of each building service employee then employed at that site. Plaintiff again contends that this violates the employees' expectations of privacy. The Ordinance also requires a covered employer to post notice to building service employees that includes the employees' rights under the Ordinance and a copy of the list given to the successor employer and collective bargaining representatives. Allegedly, this forces a covered employer to breach its employees' expectations of confidentiality.

The Complaint also challenges those provisions of the Ordinance which require a successor employer to retain, during a 90 day transition employment period, the previously existing building service employees at the site based on seniority within the job classification of each employee, and if the successor employer determines that fewer employees are required, it must place any employees with junior seniority who are not hired on a preferred hiring list and give those junior employees a right of first refusal to any jobs within their classification that becomes available during the 90 day transition period. The Ordinance further

provides that retained employees may only be discharged for cause during the 90 day period, and if, at the end of the 90 day period, the employee's written evaluation proves satisfactory, the successor employer must offer the retained employee continued employment.

Defendant moves to dismiss based on the Pullman abstention doctrine.

## **Discussion**

The Pullman abstention doctrine provides that federal courts should refrain from deciding uncertain issues of state law where resolution at the state level may obviate the need for consideration of federal constitutional questions. *Railroad Comm'n of Tex, v. Pullman*, 312 U.S. 496, 499-501 (1941); see also *Beavers v. Arkansas State Bd. of Dental Exam'rs*, 151 F.3d 838, 841 (8th Cir.1998). Exercise of this discretion is appropriate to further the public interest in "the avoidance of needless friction with state policies." *Pullman*, 312 U.S. at 500. Analyzing the *Pullman* doctrine, the Eighth Circuit has enumerated five factors to be considered in determining whether or not to abstain from a suit. See *Beavers*, 151 F.3d at 841. The court must assess: "(1) the effect abstention would have on the rights to be protected by considering the nature of both the right and the necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid

any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations." *Id.* (citing *George v. Parratt*, 602 F.2d 818, 820-22 (8th Cir.1979)). Applying these considerations to the case at bar, abstention is proper.

The parties disagree as to whether Missouri state law is clear with respect to the issues before the Court. The "Home Rule" provision of the Missouri Constitution provides

> Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied by the charter so adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.

Plaintiff argues that the state law is clear and urges that Defendant's Ordinance is in contravention of the Home Rule provision because it is contrary to the Missouri common law of at-will employment. Citing *Heater v. Burt*, 769 S.W.2d 127m 129 (Mo. 1989), as authority for the proposition that the Missouri common law falls within the purview of the Home Rule provision, Plaintiff argues that the Ordinance violates an employer's common law right to terminate an employee's employment with or without cause. Defendant, however, correctly argues that the provision in *Heater* has been subsequently amended.

Prior to 1971, Mo. Const. Art. VI, § 19 provided in pertinent part:

> Any city having more than 10,000 inhabitants may frame and adopt a charter for its own government, consistent with and subject to the constitution and laws of the state ...

In 1971, the Missouri Constitution was amended and section 19(a) was added to Article VI. Article VI, § 19(a) grants to a constitutional charter city all of the power which the legislature could grant. *St. Louis Children's Hospital v. Conway*, 582 S.W.2d 687, 690 (Mo. banc 1979). Under § 19(a), a constitutional charter city is prohibited from exercising its home rule power in a manner that is inconsistent with a state statute. *State ex rel. Christ v. City of St. Charles*, 676 S.W.2d 508, 513 (Mo. banc 1984). The test for determining if a conflict exists is whether the charter provision "permits what the statute prohibits" or "prohibits what the statute permits." *Cape Motor Lodge, Inc. v. City of Cape Girardeau*, 706 S.W.2d 208, 211 (Mo. banc 1986); *Page Western, Inc. v. Community Fire Protection District*, 636 S.W.2d 65, 67 (Mo. banc 1982). Therefore, because the Constitution now specifically denotes that the power cannot be inconsistent with a state *statute*, the issue of whether an ordinance that is arguably contrary to the common law violates the Missouri constitution is far from clear. No reported Missouri court has had the opportunity to construe the 1971 home rule provision *vis a vis* Missouri common law. While this alone is insufficient to warrant abstention, this factor, along with the

others lends strong support for abstention.

Moreover, resolution of the question in Plaintiff's favor will likely moot the remaining challenges. If the ordinance is found to violate the Home Rule provision of the Missouri constitution, the Ordinance will become invalid and thus, Plaintiff's challenge will be rendered moot. In the event that Plaintiff does not prevail on its state law claims, the Court's jurisdiction over the federal constitutional challenges can be preserved. *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 421-422 (1964) ("Despite the[] uncertainties arising from application of *Windsor*-which decision, we repeat, does not require that federal claims be actually litigated in the state courts-a party may readily forestall any conclusion that he has elected not to return to the District Court. He may accomplish this by making on the state record the 'reservation to the disposition of the entire case by the state courts' that we referred to in *Button*. That is, he may inform the state courts that he is exposing his federal claims there only for the purpose of complying with *Windsor*, and that he intends, should the state courts hold against him on the question of state law, to return to the District Court for disposition of his federal contentions. Such an explicit reservation is not indispensable; the litigant is in no event to be denied his right to return to the District Court unless it clearly appears that he voluntarily did more than *Windsor* required and fully litigated his federal claims in the state courts.

When the reservation has been made, however, his right to return will in all events be preserved." *Id.*(footnotes omitted.)). Because Plaintiff can preserve its right to return to this Court in the event it is not satisfied with the result in the state court, this Court's abstention will not effect Plaintiff's federal rights nor its available remedies. Plaintiff can litigate these issues in the state court and allow the state court to interpret its law without hindering Plaintiff's federal constitutional claims. Allowing the state court to interpret the constitutional provision as it relates to the common law of Missouri clearly avoids federal interference with the State of Missouri's operations, and Plaintiff has not presented any indication whatsoever that the state courts of Missouri are not an available avenue to pursue its challenges to Defendant's Ordinance.

## Conclusion

Having considered all the factors set forth in *Beavers*, the Court concludes that abstention is proper. The Motion to Dismiss, however, will be denied in order that the Court may retain jurisdiction over the federal claims in the event that Plaintiff exercises its right to reserve those claims for consideration by this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 8], is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is stayed until such time as the parties notify the Court that a state determination has been made and Plaintiff advises the Court of its decision to either proceed in this Court or dismiss the action.

Dated this 10th day of November, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE